UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENT D. SANBORN,

        Plaintiff,

   v.

ONPOINT COMMUNITY CREDIT UNION,

        Defendant.

CASE NO. 3:21-cv-05172-RJB

ORDER TO SHOW CAUSE OR AMEND PROPOSED COMPLAINT

This matter is before the undersigned on referral from the District Court and on plaintiff's motion to proceed *in forma pauperis* ("IFP") and his proposed complaint. *See* Dkts. 1-1, 5.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss a proposed complaint where a plaintiff seeks to proceed IFP and the proposed complaint fails to state a claim or is frivolous or malicious. Here, although plaintiff qualifies financially to proceed IFP, his proposed complaint fails to state a claim upon which relief can be granted, as discussed herein. The Court will provide plaintiff with an opportunity to amend his proposed complaint to correct the deficiencies identified in this Order; however, the Court declines to rule on his IFP application until plaintiff

has done so.  Moreover, plaintiff's failure to timely comply with this Order will result in a recommendation that the matter be dismissed without prejudice.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed a deficient IFP application on March 10, 2021 (Dkt. 1) that was corrected on March 29, 2021.  *See* Dkt. 5.  In his proposed complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff seeks to bring debt collection related claims against OnPoint Community Credit Union ("OnPoint"), a "debt collector."  *See* Dkt. 1-1, at 2, 4.  Although difficult to discern exactly what harm he is alleging, plaintiff claims that he has "suffered dishonor" and appears to seek federal judicial review of a debt collection action currently pending against him in the Washington State Superior Court for Clark County.  *Id.* at 3, 5.  Plaintiff also requests "release [of] the lien" against him and that any remaining balance of "case costs and charges" be paid to him.  *Id.* at 5–6.

## DISCUSSION

### I.     Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff is proceeding *pro se*, this Court must "construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

## II.     Section 1983 Claims

In order to assert a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that (1) he suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a Section 1983 claim is therefore to identify the specific constitutional or federal right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

As an initial matter, plaintiff has not alleged any facts in his proposed complaint showing that he suffered a violation of a constitutional or federal statutory right. Rather, plaintiff generally references "deprivation of rights" with citations to federal statutes and regulations, such as "48 CFR 28.106.1 'Requires performance payment bonds'" and "31 USC Section 3113 'Accepting Gifts.'" Dkt. 1-1, at 4. Plaintiff's vague and conclusory statements are insufficient to state a plausible claim for relief under 42 U.S.C. § 1983. As noted above, in order to state a claim under Section 1983, plaintiff must provide a short and plain statement of his claims,

*alleging facts* showing how his constitutional and/or federal statutory rights were violated. *See Crumpton*, 947 F.2d at 1420.

Furthermore, plaintiff has failed to allege facts showing that defendant OnPoint, an apparent private entity, acted under color of state law. Private entities are not subject to suit under Section 1983 because they do not operate under the color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also Jones v. First Nat. Bank of Ariz.*, No. CV-09-2384-PHX-GMS, 2010 WL 2491617, at *2 (D. Ariz. June 17, 2010) (finding that a private bank is not subject to suit under Section 1983 where a plaintiff failed to allege facts that the bank acted under color of state law). In order to state a claim against defendant OnPoint under Section 1983, plaintiff must include allegations establishing that OnPoint should be considered a state actor for purposes of his civil rights claim.

Additionally, plaintiff has failed to allege sufficient facts showing how defendant OnPoint personally participated in allegedly harming plaintiff. Although plaintiff appears to assert that defendant OnPoint brought a debt collection action against him in state court, he has failed to allege how any such action deprived plaintiff of his constitutional or federal statutory rights. *See* Dkt. 1-1, at 5. Without additional factual allegations linking defendant OnPoint's alleged actions with plaintiff's legal claims, plaintiff's claims against defendant OnPoint are not viable. *See Arnold*, 637 F.2d at 1355 (plaintiff must allege facts showing how a defendant caused, or personally participated in causing, the harm alleged in the complaint).

Finally, in his proposed complaint, plaintiff cites to 19 U.S.C. § 242 "[d]eprivation of rights under color of law." Dkt. 1-1, at 4. Although plaintiff does not appear to allege any specific facts supporting such a claim, his claim nevertheless fails because 18 U.S.C. § 242 is a criminal statute that does not give rise to civil liability. *See Allen v. Gold Country Casino*, 464

F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). Thus, it is clear that amendment to this claim would be futile, and therefore, the Court cautions plaintiff against restating any claim against defendant OnPoint under 18 U.S.C. § 242 in any amended proposed complaint, as any such claim would be dismissed. *See Wilhelm*, 680 F.3d at 1121.

## CONCLUSION

Due to the deficiencies described above, the Court declines to rule on plaintiff's IFP application at this time. If plaintiff still wishes to pursue his claims, he must file an amended proposed complaint in support of his IFP application on or before **Monday, May 10, 2021**. Any amended proposed complaint must include a short, plain statement telling the Court: (1) the constitution and / or statutory rights plaintiff believes were violated; (2) the name or names of the person(s) or entity(ies) who violated the rights; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional or statutory rights; and (5) what specific injury plaintiff suffered because of each defendants' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 77 (1976).

The amended proposed complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint will act as a complete substitute for the original complaint and not as a supplement. An amended proposed complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended proposed complaint must be complete in

itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended proposed complaint to determine whether it contains factual allegations linking the defendant(s) to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended proposed complaint on or before **May 10, 2021**, the undersigned will recommend denial of plaintiff's IFP application (Dkt. 5) and dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint for a person not in custody. The Clerk is further directed to send a copy of this Order to plaintiff.

Dated this 8th day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge