UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENT D. SANBORN,<br><br>           Plaintiff,<br><br>    v.<br><br>KATY KALE, *et al.*,<br><br>           Defendants. | CASE NO. 3:21-cv-05172-RJB<br><br>REPORT AND RECOMMENDATION<br><br>NOTED: October 8, 2021 |

This matter is before the Court on referral of plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint. *See* Dkt. 5; *see also* Amended General Order 02-19. Plaintiff proceeds *pro se*.

Plaintiff's amended proposed complaint fails to state a claim upon which relief can be granted. The Court has offered plaintiff an opportunity to amend his complaint already, and amendment has proved futile. Therefore, the Court recommends that the IFP motion be denied and that this matter be dismissed without prejudice.

**BACKGROUND**

Plaintiff initiated this matter in March 2021 and seeks to proceed IFP. Dkts. 1, 5. Previously, the Court reviewed plaintiff's proposed complaint and found that plaintiff failed to

explain how he "suffered a violation of a constitutional or federal statutory right" (Dkt. 6, at 3), how a private entity acted under color of state law (Dkt. 6, at 4), or how the private entity personally participated in the alleged harm. Dkt. 6, at 4. Moreover, plaintiff listed a criminal statute that did not give rise to civil liability. Dkt. 6, at 4. The Court declined to rule on plaintiff's IFP motion until he filed a complaint that corrected these deficiencies. Dkt. 6, at 5.

Plaintiff has filed an amended proposed complaint, now naming a "GSA Administrator" (formatting removed), Katy Kale, and a "Clark County Clerk" (formatting removed), Scott Weber. Dkt. 11, at 2. Plaintiff asserts that the Court has federal question jurisdiction over his claims against these defendants. Dkt. 11, at 2. The basis for his claims is unclear, but liberally construed, appears to be that defendant Weber misappropriated funds deposited with him and that should have been returned to plaintiff. *See* Dkt. 11, at 5.

## DISCUSSION

In proceedings where a plaintiff proceeds (or seeks to proceed) IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss the case "at any time" if the case is "frivolous or malicious" or the complaint "fails to state a claim upon which relief may be granted[.]"

Here, as the basis for the alleged constitutional or federal rights violated, plaintiff lists a myriad of statutes, regulations, and other authorities. Most of these authorities either clearly do not apply or cannot be vindicated by a private right of action. For instance, plaintiff cites Fed. R. Civ. P. 24(a), but the Federal Rules of Civil Procedure do "not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Plaintiff also cites a portion of the Federal Acquisition Regulations System ("FAR"), which was "established for the codification and publication of uniform policies and procedures for acquisition by all executive agencies." 48 C.F.R. § 1.101. Specifically, plaintiff cites a provision governing general contracting requirements and directing

REPORT AND RECOMMENDATION - 2

the use of certain standard and optional forms "when a bid bond, performance or payment bond, or an individual surety is required." 48 C.F.R. 28.106-1.  This provision is part of certain regulations that apply where the federal government obtains financial protection against loss under contracts that result from the use of sealed bid or negotiation methods.  48 C.F.R. § 28.000.  Such regulations create no cause of action for plaintiff in this case and are not clearly related to his claim regarding the county clerk.

Plaintiff further cites 18 U.S.C. §§ 242, 641, and 1341, portions of the United States' criminal code that do not provide for a private right of action.  *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (section 242); *Chilkat Indian Vill. v. Johnson*, 870 F.2d 1469, 1472 (9th Cir. 1989) (section 641); *Reyes v. Flagg*, No. 218CV01727GMNBNW, 2020 WL 5645326, at *2 (D. Nev. Sept. 22, 2020), *report and recommendation adopted*, No. 218CV01727GMNBNW, 2020 WL 6152972 (D. Nev. Oct. 20, 2020) (section 1341).  Plaintiff cannot vindicate these statutes through a civil suit.  Moreover, although plaintiff cites to 18 U.S.C. § 153, a portion of the criminal code related to actions occurring in a bankruptcy proceeding, plaintiff neither establishes a private right of action under this statute nor that this case involves a bankruptcy.  Further, plaintiff cannot found his federal question lawsuit on the violation of a Washington state statute.  *See* Dkt. 11, at 3 (citing RCW 12.04.207).

Plaintiff cites 31 U.S.C § 3113, which allows for the U.S. Secretary of the Treasury to accept gifts from private citizens in order to reduce the public debt.  And plaintiff cites to various regulations and statutes concerning the Internal Revenue Service, including a regulation explaining when the IRS must release a lien or discharge property (26 C.F.R. § 301.6325-1), and statutes defining the value of a decedent's taxable estate (26 U.S.C. § 2038) and matters subject to gift taxes.  26 U.S.C. § 2514 (powers of appointment).  Again, these provisions do not have

any bearing on the substance of this case, which pertains to alleged misappropriation by a county clerk.

Plaintiff cites the Administrative Procedures Act, 5 U.S.C. § 706, but this provision allows for suit against federal—not county or state—officials. *See* 5 U.S.C. § 701(b)(1). The Court notes that although plaintiff does name someone who appears to be a federal employee (a U.S. General Services Administrator), plaintiff's amended complaint is entirely devoid of factual allegations of how this defendant participated in or had anything to do with the alleged misappropriation. Plaintiff's amended complaint continues to be deficient in its failure to bring specific allegations related to each defendant, even though the Court previously warned plaintiff that his complaint would be dismissed if he failed to explain "exactly what each individual or entity did or fail to do" and how this action or inaction was "connected to the violation of plaintiff's constitutional or statutory rights[.]" Dkt. 6, at 5.

Plaintiff also cites 42 U.S.C. § 1983, which allows for a cause of action where one acting under color of state law has violated rights guaranteed by the Constitution or federal statute. As noted above, plaintiff has failed to show that he is entitled to relief under most of the authority cited, so that he cannot rely on these authorities as a basis for his § 1983 claim, either.

Plaintiff also appears to argue that the U.S. Constitution was violated because the county defendant's actions violated due process, the Takings Clause, and the Ninth Amendment. Regarding his due process claim, intentional deprivation of property does not violate due process when there is a meaningful post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). The Ninth Circuit has specifically held that an adequate post-deprivation remedy for confiscated property is available in the State of Washington through, for

example, the Washington State Tort Claims Act. *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989). This merits dismissal of the due process claim. *Accord Eckard v. Nikolina*, No. C19-881-RSM, 2019 WL 3291036, at *2 (W.D. Wash. June 12, 2019), *report and recommendation adopted*, No. C19-881 RSM, 2019 WL 3286178 (W.D. Wash. July 19, 2019) (citing RCW 4.92.090, 4.96.010); *Johnson v. Key*, No. 2:17-CV-00391-SMJ, 2018 WL 11229150, at *2 (E.D. Wash. Jan. 24, 2018).

Plaintiff's Takings Clause claim fares no better. Liberally construing his amended complaint, he is alleging that the court clerk "misappropriate[ed]" and "convert[ed]" (that is, "stole") funds. Dkt. 11, at 3 (capitalization omitted); *see also* Dkt. 11, at 6 ("Defendants are in breach of trust and misappropriated the funds. . . ."). But a Takings Clause is not appropriate for a claim of an "impermissible" taking (for instance, a theft or misappropriation). *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005); *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007). Accordingly, the allegations of the amended complaint do not give rise to any claim under the Takings Clause.

Finally, to the extent that plaintiff brings a claim under the Ninth Amendment, that amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986), *cited with approval in Nickler v. Cty. of Clark*, 752 F. App'x 427, 429 (9th Cir. 2018).

Separately, plaintiff alleges that defendant Weber was "acting as Clark County Clerk" when he took the actions at issue. Therefore, quasi-judicial immunity bars a suit for damages against defendant Weber, even if the Court found that plaintiff stated a claim against that official

1  under 42 U.S.C. § 1983. *See Mullis v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385,
2  1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988)).

3      For all these reasons, plaintiff's complaint fails to state a claim upon which relief can be
4  granted. Indeed, plaintiff's allegations appear to have little factual basis and border on the
5  frivolous. For instance, plaintiff alleges that there is "no lawful money of account" that "exists
6  in circulation" (Dkt. 11, at 4) and that he requires relief from "indenture[d] servitude." Dkt. 11,
7  at 7. To the extent he can plausibly allege that a county clerk misappropriated funds, his claims
8  of improper conduct in state court are best addressed through state court. Leave to amend has
9  already been granted, and the Court finds that offering plaintiff another chance to amend his
10 complaint would be futile.

## CONCLUSION

12     The District Court should deny the motion to proceed IFP and should dismiss this matter
13 without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall
14 have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.
15 Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de*
16 *novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a
17 waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985);
18 *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating
19 the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on
20 **October 8, 2021,** as noted in the caption.

21     Dated this 22nd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6